**George E. NAGEL, Plaintiff,**

**v.**

**CORFLOR, Incorporated, and May Sand and Gravel Corp., Intervenor, Defendant.**

**Civ. A. No. 743.**

United States District Court,
N. D. Indiana, Fort Wayne Division.

Feb. 4, 1955.

Campbell, Livingston, Teeple & Dildine, Ft. Wayne, Ind., for plaintiff.

John Hoffman, Abe Latker, David Peters, Ft. Wayne, Ind., for defendants.

PARKINSON, District Judge.

This is an action founded upon a complaint in two paragraphs, paragraph one seeking judgment on a promissory note and foreclosure of a real estate mortgage and paragraph two seeking judgment on a promissory note and foreclosure of a chattel mortgage.

The trustee in bankruptcy for the defendant, Corflor, Incorporated, appeared and filed an answer asserting two defenses to paragraph one of plaintiff's complaint, the first being in admission and denial and the second alleging that Corflor, Incorporated, prior to May 5, 1951, was indebted to the plaintiff and authority was given to execute a note therefor but that at no time did it have power or authority to execute the real estate mortgage sought to be foreclosed, and asserting three defenses to paragraph two of plaintiff's complaint, the first two being identical to the first two

defenses to paragraph one and the third alleging that subsequent to the execution of the chattel mortgage sought to be foreclosed a lease agreement was executed by the parties to the chattel mortgage so conflicting in nature with said chattel mortgage that both instruments were vitiated, with prayers of the affirmative defense paragraphs that the Court find the respective mortgages unenforceable.

The May Sand and Gravel Corp. intervened and filed an answer asserting two defenses to paragraph one of plaintiff's complaint, the first being in admission and denial and the second alleging that the real estate covered by plaintiff's mortgage was conveyed by the intervening defendant to Corflor, Incorporated subject to certain terms and conditions and that by reason thereof the intervening defendant is now the owner thereof and plaintiff's mortgage thereon is null and void.

Upon the issues thus joined this cause was submitted to the Court for trial and it is the cause on the merits which now solicits the decision of this Court.

 This Court is of the opinion that under the evidence in the record James D. Irving, as president, and William H. Sorrell, as secretary, of Corflor, Incorporated had the power and authority to execute the notes sued upon and the mortgages securing the payment thereof, and Corflor, Incorporated is bound thereby.

 We are also of the opinion that the plaintiff had notice of the terms and conditions of the conveyance of the intervening defendant, May Sand and Gravel Corp. to Corflor, Incorporated, and that the real estate mortgage of the plaintiff, sought to be foreclosed in paragraph one of plaintiff's complaint, is null and void.

The undisputed evidence is that Corflor, Incorporated, became indebted to the plaintiff for supplies and equipment sold by the plaintiff to Corflor, Incorporated and its predecessors under circumstances which justified the execution of the chattel mortgage by Corflor, Incorporated, and that it is valid and binding; that there is due and owing to the plaintiff by Corflor, Incorporated on the note sued upon in paragraph one of the plaintiff's complaint the sum of $6,661.99 with interest at the rate of 6% per annum from May 5, 1953, and on the note sued upon in paragraph two of plaintiff's complaint the sum of $17,308.47 with interest at the rate of 6% per annum from May 5, 1953, which sums are unpaid and for which the plaintiff is entitled to judgment together with a decree of foreclosure of the chattel mortgage sought to be foreclosed by paragraph two of plaintiff's complaint.

Therefore, the Court having considered all of the evidence and the law applicable thereto does now make the following

## Findings of Fact

1.

The president and the secretary of Corflor, Incorporated executed and delivered to plaintiff, on or about May 5, 1951, a note which contained a promise to pay to plaintiff or order $7,613.70 with interest at the rate of six per cent (6%), per annum, on which there is now due and owing to plaintiff the sum of $7,294.88, in principal and interest, which sum is unpaid.

2.

To secure the payment of said note, the president and the secretary of Corflor, Incorporated executed and delivered to plaintiff, on or about May 5, 1951, a mortgage with respect to real estate which is a subject matter of this action, which plaintiff recorded on May 7, 1951.

3.

The president and the secretary of Corflor, Incorporated, executed and delivered to plaintiff, on or about May 5, 1951, a note which contained a promise to pay to plaintiff or order $19,781.11 with interest at the rate of six per cent per annum, on which there is now due and owing to the plaintiff the sum of $18,952.76, in principal and interest, which sum is unpaid.

**4.**

To secure the payment of said note, the president and the secretary executed and delivered to plaintiff, on or about May 5, 1951, a chattel mortgage covering the personal property therein described, which plaintiff duly and legally filed for record on May 7, 1951, in the office of the Recorder of Allen County, Indiana, and which chattel mortgage is a valid and subsisting lien on the personal property described therein and covered thereby.

**5.**

The Board of Directors of Corflor, Incorporated, agreed that the president and the secretary should execute and deliver to plaintiff said real estate and chattel mortgages, and that a majority of the directors were present at the meeting of the Board of Directors at which the execution thereof was considered and authorized.

**6.**

The Board of Directors and the stockholders of Corflor, Incorporated, knew of the execution and delivery of said mortgages from the date of the execution thereof and have never objected thereto.

**7.**

The purpose of the leasing agreement, which was executed by the president and the secretary of Corflor, Incorporated, and which concerned part of the property covered by the chattel mortgage, was to protect plaintiff's company, Permacrete Products, with respect to certain royalties; plaintiff did not thereby give up the lien he obtained through the chattel mortgage, and the security interest which he had under the chattel mortgage continued under the leasing agreement, and said chattel mortgage is valid and binding.

**8.**

May Sand and Gravel Corp., intervening defendant, conveyed to Corflor, Incorporated, on August 30, 1950, the following described real estate in Allen County, Indiana, to wit:

A tract of land lying in the Northwest quarter of the Northeast quarter of Section 29, Township 30 North, Range 12 East, described as follows: Beginning at a point located seven hundred twenty-six and two tenths (726.2) feet North, eighty-eight (88) degrees, two (2) minutes East of a point five hundred ninety-four (594) feet South of the Northwest corner of the Northeast quarter of said above section; said beginning point being in the center of the Sand Point Road; thence South one (1) degree, fifty-eight (58) minutes East, one hundred twenty-one and five tenths (121.5) feet; thence North eighty-eight (88) degrees two (2) minutes East, two hundred four and twenty-five hundredths (204.25) feet to the end of a concrete block building, thence North one (1) degree fifty-eight (58) minutes West, one hundred twenty-one and five tenths (121.5) feet to the center of the Sand Point Road, thence South eighty-eight (88) degrees two (2) minutes West along the center of said road two hundred four and twenty-five hundredths (204.25) feet to the place of beginning, containing fifty-seven hundredths (0.57) acre more or less; leaving one and twenty-three hundredths (1.23) acres more or less.

**9.**

That said real estate conveyed by May Sand and Gravel Corp. to Corflor, Incorporated is the same real estate as is the subject of the mortgage which plaintiff herein seeks to foreclose.

**10.**

That said deed of conveyance was duly recorded on September 2, 1950 at 10:27 A.M. in Deed Record 432 at page 381 in the office of the Allen County Recorder in Allen County, Indiana as Instrument Number 18425.

**11.**

That said recorded deed of conveyance from May Sand and Gravel Corp. to Corflor, Incorporated contained the following limitations and conditions:

"It is expressly understood and agreed that in the event that the grantee herein desires to sell the real estate herein described, that it will so notify the grantor and said grantor, at its option, may purchase said real estate, together with any and all improvements located thereon, for the total sum of Five Hundred ($500.00) Dollars. Said option shall remain open for a period of thirty (30) days from the receipt of such notification to the grantor. It is also agreed, as a part of the consideration of this conveyance, that in the event that the grantee discontinues the operation of its business for a period of 365 days, then in that event said real estate and all improvements shall revert to the grantor herein; except that in the event of a National Emergency, or Act of God, a time limit shall not be set for the resumption of business, until the National Emergency is ended, or unless an effort is not made to resume business which was discontinued because of some Act of God."

### 12.

That the said real estate was originally conveyed by May Sand and Gravel Corp. to Corflor, Incorporated, in order that Corflor, Incorporated could carry on its operations, and so that May Sand and Gravel Corp. would be able to sell sand and gravel to said Corflor, Incorporated. That the motive for the conveyance as aforesaid was to procure an additional market for the sand and gravel produced by May Sand and Gravel Corp. That the limitations and conditions contained in the deed from May Sand and Gravel Corp. to Corflor, Incorporated were included to insure May Sand and Gravel Corp. of the reversion to itself of the land in the event Corflor, Incorporated ceased business operations and thereby purchased no further sand and gravel from May Sand and Gravel Corp.

### 13.

The said real estate was mortgaged to the plaintiff, George E. Nagel, by the defendant, Corflor, Incorporated on May 5, 1951. That the said mortgage was given to plaintiff to secure an indebtedness owed by Irving Associates to plaintiff, which indebtedness existed prior to the date of the mortgage. That at the time of procuring the mortgage of the real estate to himself, plaintiff was a director and stockholder of Corflor, Incorporated, and had intimate and detailed knowledge of the financial condition and business affairs of said Corflor, Incorporated.

### 14.

That at the time of securing the mortgage on the said real estate, the plaintiff constructively knew of the existence of the provision that said real estate would revert to May Sand and Gravel Corp. following a cessation of business by Corflor, Incorporated for a period of 365 days.

### 15.

That said Corflor, Incorporated ceased business operations on or about July 15, 1953, and did not and has not since that time resumed operations. That said date of cessation was more than 365 days prior to the date of the trial.

### 16.

That said cessation of business operations by said Corflor, Incorporated was not due to a National Emergency or Act of God, nor was the said Corflor, Incorporated prevented from resuming business operations because of a National Emergency or an Act of God. That Corflor, Incorporated has been duly adjudged a bankrupt on a petition filed by it on February 18, 1954.

### 17.

That as a director of Corflor, Incorporated, George E. Nagel, the plaintiff, attended a special meeting of the board of directors of said Corflor, Incorporated on September 10, 1953. That said meeting was called for the express purpose of placing the record title to this real

estate in the name of May Sand and Gravel Corp. in recognition of the limitations and conditions contained in the said deed of conveyance from May Sand and Gravel Corp. to Corflor, Incorporated and the hopeless inability of Corflor, Incorporated to resume business operations. That at said meeting the said plaintiff induced the directors to postpone any action to place title in May Sand and Gravel Corp. until the next regular meeting of the board of directors of said Corflor, Incorporated. That following said special meeting and before the date for the next regular meeting of the said board of directors, the plaintiff instituted this action to foreclose the mortgage as against this real estate.

18.

That in furtherance and protection of its rights, by reason of the limitations and conditions contained in the deed from May Sand and Gravel Corp. to Corflor, Incorporated, the said May Sand and Gravel Corp. did, upon discovery of the institution of these proceedings by the plaintiff to foreclose the said mortgage as against the said real estate, petition to intervene herein, which said petition was granted by this Court.

19.

That at no time did May Sand and Gravel Corp. seek to conceal the existence of the limitations and conditions contained in the said deed of conveyance from May Sand and Gravel Corp. to Corflor, Incorporated, but rather did all that could reasonably be expected to protect its interests by making said limitations and conditions a part of said deed of conveyance.

20.

That the cessation of operations by Corflor, Incorporated was due to the financial difficulties of said corporation and not due to or caused by any action of the May Sand and Gravel Corp. or any one acting in its behalf.

Upon the foregoing findings of fact, the Court does now state its

Conclusions of Law

1.

This Court has jurisdiction of the parties to and the subject matter of this action.

2.

Defendant Corflor, Incorporated had power to give to plaintiff the notes and the chattel mortgage which are here in controversy.

3.

The president and the secretary of Corflor, Incorporated had authority to execute and deliver to plaintiff said notes and chattel mortgage, and said notes and chattel mortgage were duly executed by defendant Corflor, Incorporated.

4.

The lien of plaintiff on the personal property described in said chattel mortgage and thereby covered is a valid and subsisting lien.

5.

Plaintiff is entitled to a judgment against the defendant, Corflor, Incorporated, on the note sued upon in paragraph one of his complaint in the sum of $7,294.88.

6.

Plaintiff is entitled to a judgment against the defendant, Corflor, Incorporated, on the note sued upon in paragraph two of his complaint in the sum of $18,952.76 and in foreclosure of his said chattel mortgage.

7.

The plaintiff, George E. Nagel, is chargeable with constructive knowledge of all rights, claims and interests in the following described real estate:

A tract of land lying in the Northwest quarter of the Northeast quarter of Section 29, Township 30 North, Range 12 East, described as follows: Beginning at a point located seven hundred twenty-six and two tenths (726.2) feet North, eighty-eight (88) degrees, two (2) minutes East of a point five hundred ninety-four (594) feet South of the

Northwest corner of the Northeast quarter of said above section; said beginning point being in the center of the Sand Point Road; thence South one (1) degree, fifty-eight (58) minutes East, one hundred twenty-one and five tenths (121.5) feet; thence North eighty-eight (88) degrees two (2) minutes East, two hundred four and twenty-five hundredths (204.25) feet to the end of a concrete block building, thence North one (1) degree fifty-eight (58) minutes West, one hundred twenty-one and five tenths (121.5) feet to the center of the Sand Point Road, thence South eighty-eight (88) degrees two (2) minutes West along the center of said road two hundred four and twenty-five hundredths (204.25) feet to the place of beginning, containing fifty-seven hundredths (0.57) acre more or less; leaving one and twenty-three hundredths (1.23) acres more or less.

Which are prior in time to the date of the mortgage on the above described real estate and which were matters of public record prior to the date of plaintiff's mortgage.

8.

Constructive knowledge is the equivalent of actual knowledge, and has the same effect.

9.

The plaintiff, George E. Nagel, had constructive knowledge of the existence of the deed of conveyance from May Sand and Gravel Corp. and all matters contained therein to Corflor, Incorporated. Plaintiff took his mortgage subject to the provisions for reversion to May Sand and Gravel Corp. therein contained.

10.

The facts and circumstances upon which the real estate was to revert to May Sand and Gravel Corp. having occurred, the property reverted to May Sand and Gravel Corp. according to the provisions in said deed of conveyance from May Sand and Gravel Corp. to Corflor, Incorporated dated August 30, 1950.

11.

Said real estate reverted to said May Sand and Gravel Corp. free and clear of plaintiff's mortgage.

12.

That upon reversion of said real estate to said May Sand and Gravel Corp., said May Sand and Gravel Corp. was re-vested with the same estate therein it held prior to the conveyance on August 30, 1950, to Corflor, Incorporated.

Judgment ordered entered accordingly.